UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| FEDERAL HOME LOAN MORTGAGE CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>FOO D. PHANH-YANG.<br><br>Defendant. | Case No: C 10-03845 SBA<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**<br><br>Dkt. 11 |

    Plaintiff filed the instant unlawful detainer action against Defendant Foo D. Phanh-Yang in Contra Costa County Superior Court on March 18, 2010.  The complaint seeks possession of certain residential property occupied by Defendant and attorney's fees.  Dkt. 1 at 108.  On August 27, 2010, Defendant filed a *pro se* notice of removal based on federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331.  The parties are presently before the Court on Plaintiff's Motion to Remand, to which Defendant has failed to provide a response.  Dkt. 11.  Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS Plaintiff's Motion to Remand.  The Court, in its discretion, finds this matter suitable for resolution without oral argument.  See Fed. R. Civ. P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

**I.      LEGAL STANDARD**

    A motion for remand is the proper procedure for challenging removal.  Remand may be ordered either for lack of subject matter jurisdiction or for a defect in removal procedure.  See 28 U.S.C. § 1447(c).  "[R]emoval statutes are strictly construed against removal."  Luther v. Countrywide Home Loans Servicing, LP, 533 F.3d 1031, 1034 (9th Cir. 2008).  "The presumption against removal means that the defendant always has the burden of establishing that removal is proper."  Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir.

2009). As such, any doubts regarding the propriety of the removal favor remanding the case. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). In the case of a removed action, a district court must remand the case to state court "if at any time before the final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c); Gaus, 980 F.2d at 566.

## II.   DISCUSSION

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States []." Under 28 U.S.C. § 1331, district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Federal question jurisdiction is presumed to be absent unless the defendant, as the party seeking to invoke the court's jurisdiction, shows that plaintiff has either alleged a federal cause of action, American Well Works Co. v. Layne & Bowler Co., 241 U.S. 257, 260 (1916) ("a suit arises under the law that creates the action"), a state cause of action that turns on a substantial dispositive issue of federal law, Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 9 (1983); Smith v. Kansas City Title & Trust Co., 255 U.S. 180, 199 (1921), or a state cause of action that Congress has transformed into an inherently federal cause of action by completely preempting the field of its subject matter, Avco Corp. v. Aero Lodge No. 735, 390 U.S. 557, 560 (1968).

Here, Defendant alleges in his notice of removal that Plaintiff, through its unlawful detainer action, has violated various federal statutes, and on that basis Defendant asserts federal subject matter jurisdiction. See Dkt. 1. Specifically, Defendant asserts that Plaintiff violated the federal Fair Debt Collections Practices Act, the federal Real Estate Settlement Procedures Act, and the federal Truth in Lending Act. Id. However, federal subject matter is premised on the face of the complaint, and cannot lie in anticipated defenses. Federal courts have jurisdiction over cases in which a "well-pleaded complaint" establishes that federal law creates the cause of action. Franchise Tax Bd., 463 at 27-28 (1983). Defensive matters are not considered to confer federal question jurisdiction for removal purposes: "a defendant may not

remove a case to federal court unless the *plaintiff's complaint* establishes that the case 'arises under' federal law." Id. at 10 (emphasis in original).  In reviewing the complaint, it is readily apparent that this case does not satisfy the jurisdictional requirements for federal subject matter jurisdiction.  Plaintiff's complaint is for unlawful detainer and does not assert any federal cause of action.  Therefore, removal of this action was improper.

## III. CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED THAT Plaintiff's Motion to Remand (Dkt. 11) is GRANTED.  The instant action is REMANDED to the Superior Court of California, Contra Costa County.  The clerk shall close this file and terminate all pending matters.

IT IS SO ORDERED.

Dated:  3/1/11

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

FEDERAL HOME LOAN MORTGAGE
CORPORATION et al,

       Plaintiff,

  v.

PHANH--YANG et al,

       Defendant.
                                               /

Case Number: CV10-03845 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 1, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Foo D. Phanh-Yang
2021 Florida Avenue
Richmond, CA 94804

Dated: March 1, 2011

                                      Richard W. Wieking, Clerk

                                               By: LISA R CLARK, Deputy Clerk